Jesse R. HUTCHINSON, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

June 25, 1971.

 

David Van Horn, Lexington, for appellant.

John B. Breckinridge, Atty. Gen., Mark F. Armstrong, Asst. Atty. Gen., Frankfort, for appellee.

NEIKIRK, Judge.

Jesse R. Hutchinson was convicted in the Fayette Circuit Court of detaining a female against her will. His punishment was fixed at two years' confinement in the state penitentiary. He appeals. We affirm.

The appellant was a patrolman of the Fayette County Police Department. The incident which resulted in his conviction occurred late one night. The appellant, while on patrol, spotted a car parked some one hundred yards off the Mt. Tabor Road in Fayette County. He drove his cruiser within close range of the vehicle and then approached on foot to investigate the situation. He discovered the prosecuting witness, Gail Rogers, in the car in the company of a male companion. It was on this occasion that the alleged offense involving Gail Rogers took place. We do not consider it essential to this opinion to detail the evidence of the happening. Suffice it to say that the jury found the defendant guilty.

Following the incident, Gail returned to her room at the University of Kentucky. Appellant claims that the trial court erred in admitting the following testimony of Candy Isaacs, a friend of Gail's, who saw her when she returned to the dormitory:

"D 19   Testify to her appearance and any outward manifestations that she displayed.

A.   We greeted her at the door, her roommate and I, and she was crying, her makeup was all over her face, she was shaking, and when she began talking about it and telling us what happened * * *."

*   *   *   *   *   *

"A.   When she began talking, she became almost hysterical, crying."

The testimony complained of is not hearsay. Miss Isaacs testified concerning the condition of Gail Rogers as she saw her upon Gail's return to the dormitory. The witness testified as to the outward appearances and manifestations that the prosecuting witness displayed. There was no effort to introduce any statement then made by the prosecuting witness, as evidence of a fact stated.

The appellant complains that the trial court committed prejudicial error in permitting Dr. Wayne Gordon, who treated Miss Rogers on an occasion several months after the date of the alleged offense, to read the following from his medical records:

"Under severe situational tension. Has been testifying against a culprit who attempted to rape her. Treatment: Librium, ten milligrams three times a day. Diagnosis: Situational reaction."

As an attempt to buttress Miss Rogers' in-court testimony, the evidence probably should not have been admitted. However, the evidence could have had little significance in view of the obvious fact that Miss Rogers' claim from the initiation of the charge was that the appellant had attempted to rape her, so we think that the evidence did not so prejudice the substantial rights of the appellant as to require a reversal. Abernathy v. Commonwealth, Ky., 439 S.W. 2d 949.

We find no merit in appellant's contention that the Commonwealth's attorney

committed prejudicial error in commenting on the good character of Miss Rogers in his summation to the jury, when there had been no evidence introduced concerning her character. This comment was not of such character as to be calculated to prejudice the minds of the jury or in any way affect the outcome of the trial.

■ In his closing argument, the Commonwealth's attorney stated:

"* * * And I asked him, 'Weren't you 20 minutes after midnight driving around in that complex without any lights on?' And he said, 'No.'"

What appellant had said was, "I don't remember," so the Commonwealth's attorney misquoted the evidence. The trial court refused to give an admonition requested by the appellant. The appellant contends that this was prejudicial to his substantial rights.

We said in Pulliam v. Commonwealth, 296 Ky. 696, 178 S.W.2d 417:

"* * * This court has often condemned the practice of attorneys * * * misquoting the evidence of witnesses, but whether or not a misstatement of counsel or misquotation of evidence is prejudicial depends upon the nature and circumstances of the case. * * *"

We do not believe the statement of the Commonwealth's attorney could be considered as a deliberate, intentional misquotation. In the heat of the trial there was contradictory testimony as to when the incident took place. There was evidence that the appellant was seen in a parking area of the University of Kentucky at 12:20 a. m. on the night of the alleged offense, which was of significance only as it aided the jury in determining his whereabouts during the evening. We think that the misquotation of the evidence concerning this collateral fact could not have had any significant effect in the decision of the case. Hence, the trial court did not commit reversible error in failing to admonish the jury. Renaker

v. Commonwealth, 172 Ky. 714, 189 S.W. 928.

We conclude that the appellant received a fair trial.

The judgment is affirmed.

All concur.